No. 16-3628

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

MALIBU MEDIA LLC,
*Plaintiff-Appellee.*
v.
DAVID RICUPERO,
*Defendant-Appellant*,

---

On Appeal from the United State District Court
for the Southern District of Ohio
Case No. 2:14-cv-00821-ALM-TPK

---

## DEFENDANT-APPELLANT'S REPLY BRIEF

---

Jason E. Sweet
BBO #668596
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
T: 617-250-8619
F: 617-250-8883
jsweet@boothsweet.com

Joseph A. Bahgat (0082116)
Bahgat & Bahgat LLC
338 South High Street
Columbus OH 43215
T/F: 877-721-9027
joe@hubcitylawgroup.com

*Counsel for Defendant-Appellant*

## CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

Counsel for Appellants certifies that the Certificate of Interested Parties and Corporate Disclosure Statement in Appellant's Opening Merits Brief is correct.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ............................ i

TABLE OF AUTHORITIES ..................................................... iii

INTRODUCTION .................................................................... 1

I.    THE COURT'S REVIEW CANNOT SUPPORT FACTS OR ASSERTIONS MADE WITHOUT CITATION ......... 1

ARGUMENT ........................................................................... 7

I.    APPLICATION OF THE *GRAND TRUNK* FACTORS IS REQUIRED ................................................................. 7

II.   DISMISSAL OF THE COUNTERCLAIM SERVES NO USEFUL PURPOSE ........................................................ 8

III.  A REAL AND REASONABLE APPREHENSION OF LIABILITY STILL EXISTS ............................................ 10

IV.  MALIBU CANNOT DEMONSTRATE THAT NO CLAIM PLAUSIBLY EXISTS ......................................... 15

V.   LEGAL PREJUDICE IS DEFINED AS THE LOSS OF A TIMELY-ASSERTED DEFENSE .............................. 16

CONCLUSION ........................................................................ 19

CERTIFICATE OF COMPLIANCE .......................................... 21

CERTIFICATE OF SERVICE .................................................. 22

# TABLE OF AUTHORITIES

## CASES

*AF Holdings, LLC v. Olivas,*
    2014 U.S. Dist. LEXIS 135332 (D. Conn. Sep. 24, 2014) ...... 11

*AF Holdings, LLC v. Olivas,*
    No. 12-cv-01401 (D. Conn. Sept. 23, 2014) .......................... 12

*Alpha Telcomms., Inc. v. IBM,*
    194 Fed. App'x. 385 (6th Cir. 2006) ...................................... 5

*Amaretto Ranch Breedables v. Ozimals Inc.,*
    907 F.Supp.2d 1080 .............................................................. 12

*Bouyer v. Simon,*
    22 Fed. App'x. 611 (6th Cir. 2001) ......................................... 3

*C. Van Der Lely N.V. v. F.lli Maschio S.n.c.,*
    561 F.Supp. 16 (S.D. Ohio 1982) ........................................... 11

*Capitol Records v. Foster*,
    2007 U.S. Dist. LEXIS 29131 (W.D. Okla. Feb. 6, 2007) ..... 10

*Clifford v. Church Mut. Ins. Co.,*
    2013 U.S. Dist. LEXIS 168761 (S.D. Ohio Nov. 27, 2013) ..... 8

*Clifford v. Church Mut. Ins. Co.,*
    2014 U.S. Dist. LEXIS 136505,(S.D. Ohio Sept. 26, 2014). ... 8

*Clifford v. Church Mut. Ins. Co.,*
    655 Fed. App'x. 293 .............................................................. 8

*Dixie Fuel Co., LLC v. Straight Creek, LLC,*
    2011 U.S. Dist. LEXIS 23321 (E.D. Ky. Mar. 8, 2011) .......... 15

*Emerman v. Fin. Commodity Invs., LLC,*
    2015 U.S. Dist. LEXIS 77087 (N.D. Ohio June 15, 2015) ...... 8

# TABLE OF AUTHORITIES

## CASES

*Fawns v. Ratcliff,*
   1997 U.S. App. LEXIS 17206 (6th Cir. July 3, 1997) ............. 17

*Fieger v. Mich. Supreme Court,*
   553 F.3d 955 (6th Cir. 2009) ................................................. 7

*Grover by Grover v. Eli Lilly & Co.,*
   33 F.3d 716 (6th Cir. Ohio 1994) ........................................... 18

*In re Disciplinary Action, Boucher,*
   850 F.2d 597 (9th Cir. 1988) ................................................. 6

*John Wiley & Sons, Inc. v. DRK Photo,*
   998 F.Supp.2d 262 (S.D.N.Y. 2014) ....................................... 11

*Jolivette v. Husted,,*
   No. 12-cv-00603 (S.D. Ohio July 9, 2012) ............................. 8

*Jolivette v. Husted,*
   694 F.3d 760 (6th Cir. 2012) ................................................. 7

*Lackner Co., Inc. v. Quehl Co.,*
   145 F.2d 932 (6th Cir. 1944) ................................................. 14

*Lear Auto. Dearborn, Inc. v. Johnson Controls, Inc.,*
   528 F.Supp.2d 654 (E.D. Mich. 2007) .................................. 14

*Logue v. Nissan N. Am., Inc.,*
   2008 U.S. Dist. LEXIS 64937 (W.D. Tenn. July 30, 2008).. 18

*Malibu Media, LLC v. Does,*
   902 F.Supp.2d 690 (E.D. Pa. 2012) ....................................... 3

*Malibu Media, LLC v. Does,*
   No. 12-cv-2088 (E.D. Pa. June 17, 2013) .............................. 3

iv

# TABLE OF AUTHORITIES

## CASES

*Malibu Media, LLC v. Does,*
  No. 12-cv-2078 (E.D. Pa. June 28, 2013) ............................... 3

*Malibu Media, LLC v. Tashiro,*
  2015 U.S. Dist. LEXIS 64281 (S.D. Ind. May 18, 2015) ......... 4

*Malibu Media LLC v. Doe,*
  2016 U.S. Dist. LEXIS 14798 (N.D. Ill. Feb. 8, 2016) .......... 4

*Malibu Media, LLC v. Doe,*
  2016 U.S. Dist. LEXIS 112187 (E.D.N.Y. Aug. 23, 2016) ........ 4

*Martin v. Warden,*
  2014 U.S. Dist. LEXIS 41055 (S.D. Ohio Mar. 27, 2014) ...... 17

*Pettrey v. Enter. Title Agency, Inc.,*
  2006 U.S. Dist. LEXIS 83957 (N.D. Ohio Nov. 17, 2006) ... 10

*Reifler v. Brown,*
  566 F.3d 234 (1st Cir. 2009) ................................................... 6

*Rosenthal v. Bridgestone/Firestone, Inc.,*
  217 Fed. App'x. 498 (6th Cir. 2007) ..................................... 17

*Scheurer Hosp. v. Lancaster Pollard & Co.,*
  2013 U.S. Dist. LEXIS 6407 (E.D. Mich. Jan. 16, 2013) ....... 16

*SGS Tools Co. v. Step Tools Unlimited, Inc.,*
  2006 U.S. Dist. LEXIS 74696 (N.D. Ohio Sept. 29, 2006) .. 14

*Smith v. Holston Med. Group, P.C.,*
  595 Fed. App'x. 474 (6th Cir. 2014) ..................................... 18

*Societe de Cond. en Aluminum v. Hunter Engineering Co.,*
  655 F.2d 938 (9th Cir. 1981) ................................................. 11

# TABLE OF AUTHORITIES

## CASES

*United States v. Juvenile Male,*
  131 S. Ct. 2860 (2011) ........................................................... 11

*Velvet Underground v. Andy Warhol Found.,*
  890 F.Supp.2d 398 (S.D.N.Y. 2012) ...................................... 12

*Ward v. Cent. Inv. LLC,*
    2010-Ohio-6114 (Ohio Ct. App. Dec. 15, 2010) .................. 15

*Younglove Construction, LLC v. PSD Development, LLC,*
    2010 U.S. Dist. LEXIS 92334 (N.D. Ohio Sept. 3, 2010) ....... 8

## CONSTITUTION & STATUTES

U.S. Const. art. III ................................................................ 14, 15

17 U.S.C. § 505 ...................................................................... 9, 10

## FEDERAL RULES

Fed.R.App.P. 28(a)(6) ............................................................. 1, 2

Fed.R.App.P. 28(a)(8)(A) ........................................................ 2, 5

Fed.R.App.P. 28(b) ..................................................................... 1

Fed.R.Civ.P. 12(b)(6) ................................................................. 16

Fed.R.Civ.P. 41 ..................................................................... 10, 15

Fed.R.Civ.P. 41(a)(2) ............................................... 10, 16, 17, 18

Fed.R.Civ.P. 41(b) ..................................................................... 11

# INTRODUCTION

In its response brief, Malibu relies on a liberal, and often misleadingly selective, reading of the record. Many of the conclusions and facts Malibu presents to the Court lack citations. And for those few legal citations that are included, not all support the propositions Malibu purports. Standing alone, these deficiencies might be considered mere negligence or incompetence, but misrepresentations such as these have become a defining characteristic of Malibu's practice. Most importantly, they are exhausting to fight, pernicious in their effects and, perhaps worst of all, they make facts a matter of debate rather than accepted shared reality.

## I.    The Court's Review Cannot Support Facts or Assertions Made without Citation.

It is required that a brief include a statement of facts relevant to the issues submitted for review "with appropriate references to the record." Fed.R.App.P. 28(a)(6). The Federal Rules of Appellate Procedure are not optional on this point. If Malibu is dissatisfied with Ricupero's statement of facts, as surely must be the case here, they are obliged to make their own properly supported statement of facts. Fed.R.App.P. 28(b).

Instead, Malibu makes no effort to dispute the facts as presented by Ricupero. Rather, Malibu spends most of its "Statement of Facts" reciting the unsupported allegations it made to the trial court, and discussing topics of virtually no assistance in evaluating Ricupero's points of error.

Further frustrating any meaningful review, is Malibu's propensity to present arguments as facts. The requirement of separate sections for facts and arguments is mandatory, not suggestive. *Cf.* Fed.R.App.P. 28(a)(6) (statement of facts) with Fed.R.App.P. 28(a)(8)(A) (argument). For example, the "Statement of Facts" includes seven pages copied from Malibu's motion to dismiss. *Cf. Voluntary Dismissal*, R.76, PageID ##732-739 with *Def.'s Br.* at 7-13. Many of these "facts" have a decidedly argumentative tinge (repeat allegations that Ricupero: "failed" to tell the truth [*Def.'s Br.* at 8, 11], "failed" turn over computers [*id.* at 9], "failed" make disclosures [*id.* at 8, 10]). More importantly, these "facts" are offered without anything to overcome the prior rebuttals made by Ricupero. *Voluntary Dismissal Opposition*, R.80, PageID ##1167-1170; *Voluntary Dismissal Sur-Reply*, R.90, Page ID ##1216-1219.

2

Likewise, any discussion as to the reliability of Malibu's technology is not one of fact. *Def.'s Br.* at 6. Malibu made a point to deny Ricupero access to its technology, the issue of its reliability remains untested. *Plf.'s Br.* at 12, 22. Malibu cannot now be allowed to argue the issue for the first time on appeal and present it as "fact." See e.g. *Bouyer v. Simon,* 22 Fed. App'x. 611, 612-613 (6th Cir. 2001). Moreover, Malibu relies on a parsed reading of the cases it cites in support. In *Does*, Malibu fails to mention 1) the trial came to be precisely because the court therein found Malibu's conduct indicated a lack of intent to litigate its claims or to proceed to trial [*Malibu Media, LLC v. Does,* 902 F.Supp.2d 690, 693 (E.D. Pa. 2012)]; 2) all defendants stipulated to liability and the amount of damages due before the hearing [*Does*, No. 12-cv-2088, ECF Nos. 100, 101 & 102 (E.D. Pa. June 17, 2013)]; and 3) there was nothing at issue during the one-day show trial—neither liability, nor sufficiency of the evidence, nor damages [*Does,* No. 12-cv-2078 ECF No. 205]. *Tashiro,* was decided on a sanctions issue wherein the defendant pled the Fifth and the court made an adverse inference on this pleading. The testimony of Malibu's

investigators was not determinative, it was *dicta*. *Cf. Malibu Media, LLC v. Tashiro*, 2015 U.S. Dist. LEXIS 64281, *40-41 (S.D. Ind. May 18, 2015) with *Malibu Media LLC v. Doe*, 2016 U.S. Dist. LEXIS 14798, *28-29 (N.D. Ill. Feb. 8, 2016) ("That ruling came in the context of a hearing on a motion for sanctions … and Patzer's testimony there was limited to 'his relationship to IPP; the nature of his business; and the sorts of records he had obtained while working in that business.'"). Likewise, the *Doe* decision concerned wether Malibu's evidence established a *prima facie* claim sufficient to survive a motion to quash—nothing more. *Malibu Media, LLC v. Doe,* 2016 U.S. Dist. LEXIS 112187, *1 (E.D.N.Y. Aug. 23, 2016).

The remainder of Malibu's "Statement of Facts" touts its "willingness to settle and/or dismiss cases without payment of *any damages* where the defendant has come forward with exculpatory evidence." *Def.'s Br.* at 4. Ricupero only addresses these "facts" because they ignore the undisputed fact that Ricupero's offer of "exculpatory evidence" was repeatedly rejected. *Plf.'s Br.* at 53.

Malibu's "Argument" fares no better. Malibu cites liberally to the trial court's *May 13 Order* for the facts, a substantial problem for this Court because the trial court did not cite the record. *Plf.'s Br.* at 43-46. While the trial court may not be required to cite to the record, Malibu, however, is obliged to do so. Fed.R.App.P. 28(a)(8)(A). See also *Alpha Telcomms., Inc. v. IBM,* 194 Fed. App'x. 385, 392 (6th Cir. 2006). By failing to cite the record, Malibu has made it impossible to verify, let alone rebute, its assertions, many of which are incendiary, irrelevant, or inappropriately argumentative.

For example, Malibu argues "[g]iven Malibu's history of not pursuing cost prohibitive cases, and that Ricupero was less than forthright in discovery, Malibu had no reason or incentive to bring this case had it known otherwise." *Def.'s Br.* at 47. Yet no citation is provided for either this "given history" or evidence Ricupero was anything "less than forthright." *Id.*

More importantly, even if this "given history" were true, then why did Malibu never once conduct discovery as to Ricupero's finances prior to claiming it as the basis for its voluntary dismissal.

5

Those arguments contradicted by the record, however, are easier to disprove. Malibu contends Ricupero offers no support for his statement "Malibu's extensions ... were part of an established pattern of hanging the cost of extended litigation over the heads of defendants." *Def.'s Br.* at 44. Following that quote however, is the very support Malibu claims does not exist. *Plf.'s Br.* at 60. Likewise, the assertion Ricupero "does not address that nearly every one of Malibu's extensions was based on his failure to produce discovery." *Def.'s Br.* at 44. This assertion was specifically refuted by Ricupero, and Malibu offers nothing to overcome it. *Plf.'s Br.* at 22-25, 63-64.

On appeal, Malibu's arguments must contain contentions with respect to the issues presented and the reasons therefor with citations to the record or authorities relied on. Where, as here, the Court is needlessly forced to decide issues so lacking in merit that even Malibu's lawyer cannot provide citations to support them, the Court may penalize counsel for raising arguments wholly without merit. *In re Disciplinary Action, Boucher,* 850 F.2d 597 (9th Cir. 1988); *Reifler v. Brown,* 566 F. 3d 234 (1st Cir. 2009).

## ARGUMENT

## I.    Application of the Grand Trunk Factors is Required.

Malibu argues the trial court was not required to apply the *Grand Trunk* factors because there exists no pending state law claims or similar issues with "procedural fencing" in the present matter. *Def.'s Br.* at 36-38. In support thereof, Malibu asserts district courts of this circuit have reviewed similar declaratory issues without applying the *Grand Trunk* factors. *Id.* at 37 (citing *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 974 (6th Cir. 2009); and *Jolivette v. Husted*, 694 F.3d 760, 765 (6th Cir. 2012)). This is demonstrably false.

Neither *Fieger* nor *Jolivette*, as cited by Malibu, stand for this proposition. Malibu cites the appellate decision in *Fieger,* vacating the district court's entry of judgment because the plaintiff lacked standing. However, the district court decision from which it was appealed specifically applied the *Grand Trunk* factors. *Fieger v. Mich. Supreme Court*, 2007 U.S. Dist. LEXIS 64973, *6 (E.D. Mich. Sept. 4, 2007). Similarly, *Jolivette* is inapposite as it did not concern a declaratory judgment claim. Rather, the relief requested by the plaintiff included "a

declaratory judgment that Ohio law applied" to the his claims.

*Jolivette v. Husted*, No. 12-cv-00603, ECF No. 1 at pgs. 10-11

(S.D. Ohio July 9, 2012).

> "[T]he Court rejects [Malibu's] contention that the *Grand Trunk* factors are inapplicable because there is no parallel action in state court ... Nothing in the *Grand Trunk* decision or its progeny hold that the factors are only applicable when there is a parallel action in state court[.]"

*Clifford v. Church Mut. Ins. Co.*, 2014 U.S. Dist. LEXIS 136505,

*5 (S.D. Ohio Sept. 26, 2014). See also, *Clifford v. Church Mut.*

*Ins. Co.*, 2013 U.S. Dist. LEXIS 168761, *15 (S.D. Ohio Nov. 27,

2013) *aff'd* 655 Fed. App'x. 293, 297 (6th Cir. 2016); *Younglove*

*Construction, LLC v. PSD Development, LLC*, 2010 U.S. Dist.

LEXIS 92334,*25 (N.D. Ohio Sept. 3, 2010); *Emerman v. Fin.*

*Commodity Invs., LLC*, 2015 U.S. Dist. LEXIS 77087, *36 (N.D.

Ohio June 15, 2015).

## II.    Dismissal of the Counterclaim Serves No Useful Purpose.

Malibu claims Ricupero's counterclaim fails to serve a

useful purpose, and proffers two arguments in support.

The first is that reinstatement of the counterclaim would

deter rights holders from resolving valid claims of infringement.

*Def.'s Br.* at 41-42. In support, Malibu focuses on the issue of

fees under the Copyright Act. 17 U.S.C. § 505. See also *Def.'s Br.* at 34 ("[t]he only reason Ricupero wants to reinstate it is so that he may receive his legal fees"). Even if fees were "the only reason" [see *Plf.'s Br.* at 32-35 (deterrence); *id.* at 64 (adjudication); *id.* at 68-70 (discovery compliance)], Malibu fails to explain how an award of fees would not advance the purpose of the Copyright Act by deterring predatory suits.

> "[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." Furthermore, when the prevailing party is the defendant, "who by definition receives not a small award but no award," awarding fees becomes particularly important. "[W]ithout the prospect of such an award, the party might be forced into a nuisance settlement or deterred all together from exercising his rights." ... [The defendant's] only alternative to litigating the plaintiffs' ... claim was to capitulate to a settlement for a violation []he insists []he did not commit. Such capitulation would not advance the aims of the Copyright Act as the plaintiffs' untested theory would remain untested.

*Capitol Records v. Foster*, 2007 U.S. Dist. LEXIS 29131, *15-16 (W.D. Okla. Feb. 6, 2007) (internal citations omitted).[1]

Malibu's second argument is that Fed.R.Civ.P. 41 has supplanted "the use of declaratory judgment counterclaims to prevent tactical dismissals by plaintiffs" and therefore Ricupero's counterclaim could serve no useful purpose. *Def.'s Br.* at 34. Obviously not. As the *Pettrey* court noted "this is less likely to occur" since the enactment of Rule 41, however, "less likely" is not equivalent with "never." *Pettrey v. Enter. Title Agency, Inc.*, 2006 U.S. Dist. LEXIS 83957, *9 (N.D. Ohio Nov. 17, 2006).

### III.  A Real and Reasonable Apprehension of Liability Still Exists.

On appeal, Malibu argues that the counterclaim should not be reinstated because no case or controversy exists. Specifically, Malibu argues its voluntary dismissal moots the issue of Ricupero's counterclaim.

---

[1] Malibu also claims the trial court determined Ricupero was not entitled to prevailing party status. *Def.'s Br.* at 35. Yet, the citation to the trial court's order discusses fees under Fed.R.Civ.P. 41(a)(2) *not* 17 U.S.C. § 505. *May 13 Order*, R.91, PageID ##1231-1233. There is no discussion as to prevailing party status as a dismissal without prejudice precludes such inquiry.

A better way to conceptualize the case or controversy standard, than that proffered by Malibu, is to focus on the declaratory judgment plaintiff. An action for a declaratory judgment that the plaintiff is not infringing is a case or controversy if the plaintiff has a real and reasonable apprehension that he continues to be subject to liability. See e.g. *C. Van Der Lely N.V. v. F.lli Maschio S.n.c.*, 561 F.Supp. 16, 22 (S.D. Ohio 1982) (quoting *Societe de Conditionnement en Aluminum v. Hunter Engineering Co.*, 655 F.2d 938, 944 (9th Cir. 1981)); *John Wiley & Sons, Inc. v. DRK Photo*, 998 F.Supp. 2d 262, 290 (S.D.N.Y. 2014) ("Throughout the litigation, the party seeking relief must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.") (quoting *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011)).

Malibu's reliance on *AF Holdings,* therefore, is mistaken. *AF Holdings, LLC v. Olivas*, 2014 U.S. Dist. LEXIS 135332, *8 (D. Conn. Sep. 24, 2014). The *AF Holdings* court[2] *sua sponte* dismissed plaintiff's claims pursuant to Fed.R.Civ.P. 41(b). That

---

[2] Undersigned represented the defendant, Olivas, in that matter.

dismissal operated as an adjudication on the merits in the defendant's favor, resolving or "mooting" the need for defendant's then still-pending declaratory judgment counterclaim. *AF Holdings, LLC v. Olivas,* No. 12-cv-01401, *Order of Dismissal*, ECF No. 42 (D. Conn. Sept. 23, 2014).

Nor is this an instance wherein the declaratory plaintiff lacks standing to maintain the action as in *Amaretto*. The *Amaretto* court dismissed the action, recognizing that if the defendant did not have standing to bring a claim against the plaintiff, it could not be a proper defendant in a declaratory judgment action. *Amaretto Ranch Breedables v. Ozimals Inc.*, 907 F.Supp.2d 1080, 1085 (N.D. Cal. 2012).

Nor is this matter wherein Malibu provided Ricupero with a covenant not to sue for infringement. *Velvet Underground v. Andy Warhol Found. for the Visual Arts, Inc.*, 890 F.Supp.2d 398, 404 (S.D.N.Y. 2012) (such a covenant can "extinguish[] any current or future case or controversy between the parties, and divest[] the district court of subject matter jurisdiction.").

Rather, this is a situation wherein Malibu has consistently maintained that Ricupero is the infringer and continues to confront him with threats of liability.

Malibu initiated this case based on alleged infringements by Ricupero that purportedly continue to occur. *Plf.'s Br.* at 57. These are infringements that Ricupero has steadfastly denied. *Answer*, R.7, PageID #73 at ¶ 69. Malibu later voluntarily dismissed its claims without prejudice. *May 13 Order*, R.91, PageID #1234. The dismissal was not because Malibu no longer believed Ricupero did not infringe, but because no it was longer economically viable to pursue him. *Id.*, PageID #1229; *Voluntary Dismissal*, R.76, PageID #742. Malibu continues to assert Ricupero's guilt. *Voluntary Dismissal*, R.76, PageID #736; *Voluntary Dismissal Reply*, R.84, PageID #1189 (accusing Ricupero of perjury and spoliation); *Def.'s Br.* at 19 ("the most egregious and brazen infringers, including Defendant Ricupero"). And Malibu has threatened future recourse. *Cf. Voluntary Dismissal*, R.76, PageID ##747-748 ("Here, if Defendant double dips, Plaintiff would like to be able

to sue him for his first helping.") with *Lackner Co., Inc. v. Quehl Co.*, 145 F.2d 932, 934 (6th Cir. 1944):

> Here, while the plaintiffs offered to grant a free license and to dismiss the action with prejudice, they did not admit non-infringement, but forgave past infringement, and therefore continued to assert that the defendant had infringed. Hence the defendant is still entitled to attack the validity of the patent through an application for declaratory judgment.

The underlying dispute and controversy—whether Ricupero continues to infringe Malibu's copyrights—thus remains to be tried. *Id.* Under these circumstances, a sufficient controversy exists to permit the Court to retain jurisdiction over the counterclaim. *Lear Auto. Dearborn, Inc. v. Johnson Controls, Inc.,* 528 F.Supp.2d 654, 671 (E.D. Mich. 2007) ("This Court does not read the Article III 'case or controversy' requirement as mandating that a party be allowed to walk away from its pleadings at any time and without any restrictions, much less that this entitlement should extend to pulling the jurisdictional rug out from under an opposing party's properly pleaded counterclaim."); *SGS Tools Co. v. Step Tools Unlimited, Inc.*, 2006 U.S. Dist. LEXIS 74696, *6-7 (N.D. Ohio Sept. 29, 2006) ("[T]he question of whether this Court has jurisdiction is

one of Constitutional dimension and cannot be trumped by the Federal Rules. To construe Rule 41 in such a manner 'would conflict with the mandates of Article III.'").

## IV. Malibu Cannot Demonstrate that No Claim Plausibly Exists.

Malibu fails to reconcile its assertion that the claims are mirror images of one another [see e.g. *Def.'s Br.* at 30] with its assertion the counterclaim is legally insufficient [*id.* at 40-41]. Nor can Malibu reconcile that the case it cites in support with the fact neither is relevant. The *Dixie* court*, did not "dismiss[] [a] compulsory counterclaim for failure to state a claim." *Def.'s Br.* at 41 (citing *Dixie Fuel Co., LLC v. Straight Creek, LLC*, 2011 U.S. Dist. LEXIS 23321, *4 (E.D. Ky. Mar. 8, 2011)). Rather, in *Dixie*, the defendant pleaded the wrong cause of action for its compulsory counterclaim, which was why it was dismissed. *Dixie Fuel Co.,* 2011 U.S. Dist. LEXIS 23321, *19. The counterclaim as asserted was not even compulsory. *Id.* The holding in *Ward* in even more irrelevant. *Def.'s Br.* at 41 (citing *Ward v. Cent. Inv. LLC*, 2010-Ohio-6114, P21 (Ohio Ct. App., Hamilton County Dec. 15, 2010). In *Ward*, it was the plaintiff who voluntarily dismissed his own compulsory counterclaim. It

15

was not dismissed for failure to state a claim or as the result of a any "analogous state civil procedure" to Fed.R.Civ.P. 12(b)(6). *Id.*

Malibu does not attempt, much less demonstrate, that no claim plausibly exists. Nor can it. "The same copyrights were the subject of both the claim and counterclaim, and the parties bore the same evidentiary burdens whether or not the counterclaim was permitted." *Plf.'s Br.* at 38. Rather, Malibu merely asserts, without explanation, that Ricupero's counterclaim is implausible. *Def.'s Br.* at 40. This, however, does not establish that the counterclaim must be dismissed for not stating a claim on which relief may be granted. *Scheurer Hosp. v. Lancaster Pollard & Co.*, 2013 U.S. Dist. LEXIS 6407, *26 (E.D. Mich. Jan. 16, 2013).

## V.    Legal Prejudice is Defined as the Loss of a Timely-Asserted Defense.

This appeal is as much about the proper interpretation of Federal Rule of Civil Procedure 41(a)(2)'s concept of legal prejudice as it about a court's discretion under the Rule. Malibu's response misses the question presented on that point

—whether the definition of legal prejudice includes the potential loss of a timely-asserted defense.

Malibu cannot and does not deny that, viewed from within that governing framework, the settled definition of legal prejudice includes the potential loss of a defense. Instead of engaging with that body of law, Malibu over-reads language about the impact of "the mere prospect of a subsequent lawsuit" on the voluntary dismissal analysis. *Martin v. Warden*, 2014 U.S. Dist. LEXIS 41055, *12 (S.D. Ohio Mar. 27, 2014).

As the Sixth Circuit has held, though, a second action in which the defendant has been stripped of a defense is no mere subsequent lawsuit. It is a fundamentally different action for which no amount of costs, Rule 41(a)(2)'s main protective measure, can reasonably compensate defendants. The facts in the second lawsuit would differ in that the defendant would be stripped of an absolute defense to the suit—the difference between winning the case without a trial and abiding the unknown outcome of such a proceeding. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. App'x. 498, 500 (6th Cir. 2007); *Fawns v. Ratcliff*, 1997 U.S. App. LEXIS 17206, *7 (6th

Cir. July 3, 1997); *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 719 (6th Cir. Ohio 1994).

Malibu's brief effectively concedes Ricupero's argument that the potential loss of a defense bars voluntary dismissal under Rule 41(a)(2). At the outset, Malibu agrees that the purpose of Rule 41 is primarily to prevent voluntary dismissals which unfairly affect the other side," and that in interpreting the rule "where a defendant would suffer 'plain legal prejudice'" *Def.'s Br.* at 42. And Malibu does not deny that this Court has defined legal prejudice to include material restrictions on an ability to press a claim or a defense. See, e.g., *Grover*, 33 F.3d at 719; *Smith v. Holston Med. Group, P.C.,* 595 Fed. App'x. 474, 477-478 (6th Cir. 2014).

The few cases Malibu references do not help it. *Logue* concerned a Rule 41(a)(1) dismissal made three months after the action was filed and wherein the defendant had not yet filed, or even prepared an answer. *Logue v. Nissan N. Am., Inc.*, 2008 U.S. Dist. LEXIS 64937, *3 (W.D. Tenn. July 30, 2008). That is not the case before this Court. Here, the matter has been pending for years, not months; discovery was concluded;

Malibu presented no evidence of infringement by Ricupero; and dispositive motions were filed before Malibu voluntarily dismissed its claims. In fact, the *Logue* Court, citing *Grover*, specifically acknowledges "[a]t the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Logue*, 2008 U.S. Dist. LEXIS 64937,*17.

This case is little different.

## CONCLUSION

For the reasons stated above, Ricupero respectfully requests the following relief:

1. The Court refuse to review those facts or arguments in Malibu's response made without appropriate references to the record or proper legal citations pursuant to the Federal Rules of Appellate Procedure.

2. The declaratory judgment counterclaim be reinstated and remanded for independent adjudication despite Malibu's dismissal without prejudice of its claims; and

3. Malibu's dismissal of its claims be conditioned on it providing proper responses to Ricupero's discovery demands.

Dated: March 9, 2017

Respectfully submitted,

/s/ Jason E. Sweet

Jason E. Sweet
BBO #668596
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
T: 617-250-8619
F: 617-250-8883
jsweet@boothsweet.com

20

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Fed.R.App.P. 32(a)(7), the foregoing Reply Brief is proportionally spaced, has a typeface of 14 points Georgian, and contains 3,767 words, excluding those sections identified in Fed.R.App.P. 32(a)(7)(B)(iii).

<div style="margin-left:auto;width:50%">

Jason E. Sweet
BBO #668596
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
T: 617-250-8619
F: 617-250-8883
jsweet@boothsweet.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2017 a copy of the foregoing Reply Brief of Defendant-Appellant's was filed electronically through the ECF system. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

Jason E. Sweet
BBO #668596
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
T: 617-250-8619
F: 617-250-8883
jsweet@boothsweet.com